IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE ELLIS,<br><br>                Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No. 2:01-CR-411-DAK**<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant's Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant requests that the court release him from custody due to Covid-19 and his underlying health conditions. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow a federal prisoner to file a motion with the court to reduce the defendant's term of imprisonment after the defendant has exhausted administrative remedies with the Bureau of Prisons. *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019). In this case, Defendant exhausted his administrative remedies with the Bureau of Prisons and filed his own motion [ECF No. 116]. Pursuant to General Order 20-019, the United States filed an opposition to Defendant's motion, and the United States Probation Office filed a recommendation with the court supporting the motion. Defendant did not file a reply in support of his motion.

      Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction. As the movant, Defendant bears the burden of establishing that he is eligible for the requested sentence

reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

On May 12, 2003, this court sentenced Defendant to 262 months imprisonment and 60 months of supervised released for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Defendant has served over 19 years of that sentence and is eligible for release on November 3, 2020. The U.S. Probation Office in the Central District of California has approved of his release plan, which provides that he will reside his sister.

Defendant is 56 years old and suffers from hypertension, chronic kidney disease, and Type 2 diabetes. Defendant was also treated for colon cancer in 2015. Defendant tested positive for Covid-19 and recovered from it, testing negative on July 14, 2020. He is concerned about the risk of reinfection. However, as of the date of this Order, there are no confirmed active cases of Covid-19 among the inmates at his facility in Lompoc. While Defendant's immunity from the disease is uncertain and there could be some risk of reinfection, such risk seems almost nonexistent given that there are no active cases among inmates. Conditions may change, but Defendant has only four weeks left on his sentence, which also reduces the likelihood of reinfection. The court is sympathetic that Defendant has not been able to transition back into the community through a half-way house. But releasing him early also fails to provide him with that kind of transition. To the extent that the Bureau of Prisons can do a transition in the last weeks of his sentence, the court recommends that such a transition occur. But the court cannot order it. The court concludes that Defendant has not demonstrated extraordinary and compelling reasons for a reduction of his sentence.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 116] is DENIED.

Dated this 7th day of October, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge